IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RYAN WEST,** | ) |
|     **Plaintiff,** | ) CIVIL ACTION NO. |
| v. | ) COMPLAINT |
| **RENTGROW, INC.,** | ) JURY TRIAL DEMANDED |
|     **Defendant.** | ) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

## THE PARTIES

2. Plaintiff Ryan West is an adult individual who at all relevant times, resided in Texarkana, Texas.

3. Defendant RentGrow, Inc. (hereafter "RentGrow") is a consumer reporting agency which conducts business in the District of Massachusetts and has a primary office located at 177 Huntington Ave., Suite 1730, Boston, MA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. In or around November 2023, Plaintiff was attempting to secure housing with the Stone Loch apartment complex ("Stone Loch").

7. As part of Plaintiff's rental application, Stone Loch obtained a consumer report from Defendant.

1

8. Defendant's report contained derogatory and inaccurate information about Plaintiff.

9. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

10. The inaccurate information includes, but is not limited to, the misrepresentation that Plaintiff is a felon.

11. Plaintiff is not a felon.

12. The inaccurate information grossly disparages the Plaintiff.

13. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

14. In fact, even a rudimentary review of the relevant public records would reveal that the inaccurate information should not have reported on Plaintiff's consumer report.

15. Despite the glaring inaccuracy stated above, Defendant sold to Stone Loch a consumer report that contained the inaccurate information.

16. Defendant has sold reports containing the inaccurate information to third parties since at least November 2023.

17. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

18. As a result of the inaccurate report Defendant sold to Stone Loch in November 2023, Plaintiff was denied housing with Stone Loch.

19. The basis for that denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was the sole factor for the denial.

20. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I - VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorneys' fees; and

    (e)    Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

BY:   */s/Christopher M. Lefebvre, Esq.*
Christopher M. Lefebvre, Esq.
BBO # 629056
Two Dexter Street
PO Box 479
Pawtucket, RI 02862
Tel: (401) 728-6060
Fax: (401) 728-6534
chris@lefebvrelaw.com

Joseph L. Gentilcore
FRANCIS MAILMAN SOUMILAS PC
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (401) 735-8600
Fax: (401) 940-8000
jgentilcore@consumerlawfirm.com
*\*Application for admission*
*Pro hac vice forthcoming*

Dated: November 27, 2024        *Attorneys for Plaintiff*